1  Gene Williams (SBN 211390)
   GWilliams@InitiativeLegal.com
2  Dina S. Livhits (SBN 245646)
   DLivhits@InitiativeLegal.com
3  Jennifer Grock (SBN 245671)
   JGrock@InitiativeLegal.com
4  Initiative Legal Group, APC
   1800 Century Park East, 2nd Floor
5  Los Angeles, California 90067
   Telephone: (310) 556-5637
6  Facsimile: (310) 861-9051

7  Attorneys for Plaintiff Tara Hill

8

9            UNITED STATES DISTRICT COURT

10   CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11              CV09-7164 RGK PLAx

12  TARA HILL, individually, and on        Case No.:
    behalf of other members of the general
13  public similarly situated,             COMPLAINT FOR CLASS ACTION

14            Plaintiff,                    (1)  Violation of California Labor Code
                                                §§ 226.7 and 512(a) (Unpaid Meal
15      vs.                                     Break Premiums);
                                           (2)  Violation of California Labor Code
16  SUNGLASS HUT TRADING, LLC, a               § 226.7 (Unpaid Rest Period
    Delaware Corporation; LUXOTTICA            Premiums);
17  RETAIL NORTH AMERICA INC., an       (3)  Violation of California Labor Code
    Ohio Corporation                          §§ 2800 and 2802 (Unpaid
18                                             Business Expenses);
              Defendants.                  (4)  Violation of California Labor Code
19                                             §§ 201 and 202 (Wages Not Timely
                                               Paid Upon Termination);
20                                         (5)  Violation of California Labor Code
                                               § 204 (Wages Not Timely Paid
21                                             During Employment);
                                           (6)  Violation of California Labor Code
22                                             § 226(a) (Non-compliant Wage
                                               Statements); and
23                                         (7)  Violation of California Business &
                                               Professions Code §§ 17200, et seq.
24

25                                         **DEMAND FOR JURY TRIAL**

26

27

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    Plaintiff, individually and on behalf of all other members of the public
2    similarly situated, alleges as follows:

3    **JURISDICTION AND VENUE**

4    1.    This Court has original jurisdiction over the subject matter of this
5    action pursuant to 28 U.S.C. § 1332.  The Court has supplemental jurisdiction
6    over the state law claims pursuant to 28 U.S.C. § 1367.  Plaintiff alleges, on
7    information and belief, that the aggregate amount in controversy for this class
8    action exceeds five-million dollars ($5,000,000.00) exclusive of interest and
9    costs, that the class is greater than 100 members, and that any one plaintiff is a
10    citizen of a state different from that of any defendant.  *See* Class Action Fairness
11    Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453.

12    2.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and
13    (b) because Defendants maintain offices, have agents, are licensed to transact
14    and do transact business, in this district.

15    **THE PARTIES**

16    3.    Plaintiff TARA HILL is a resident of Los Angeles County in the
17    State of California.

18    4.    Defendant SUNGLASS HUT TRADING, LLC was and is, upon
19    information and belief, a Delaware corporation doing business in California, and
20    at all times hereinafter mentioned, an employer whose employees are engaged
21    throughout this county, the State of California, or the various states of the United
22    States of America.

23    5.    Defendant LUXOTTICA RETAIL NORTH AMERICA INC. was
24    and is, upon information and belief, an Ohio Corporation doing business in
25    California, and at all times hereinafter mentioned, an employer whose employees
26    are engaged throughout this county, the State of California, or the various states
27    of the United States of America.

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

6.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein was performed by, or is attributable to SUNGLASS HUT TRADING, LLC, and/or LUXOTTICA RETAIL NORTH AMERICA INC. (collectively "Defendants"), each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all Defendants were in accordance with, and represent the official policy of, Defendants.

7.    At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

8.    Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## CLASS ACTION ALLEGATIONS

9.    Plaintiff brings this action on her own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seek class certification under Federal Rules of Civil Procedure, Rules 23(a), (b)(2), and (b)(3).

10.    All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

11.    Plaintiff's proposed subclasses consist of and are defined as:

    a.    Unpaid Wages Subclass:

        All non-exempt or hourly employees of Defendants at store locations within four years prior to the filing of this complaint until the date of certification.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1                b.     <u>Unreimbursed Business Expenses Subclass</u>:

2                     All non-exempt or hourly employees of Defendants who paid

3                     for business-related expenses, including expenses for travel

4                     and mileage, in California within four years prior to the filing

5                     of this complaint until the date of certification.

6                c.     <u>Non-Compliant Wage Statement Subclass</u>:

7                     All non-exempt or hourly employees of Defendants who

8                     worked in California and received a wage statement within

9                     one year prior to the filing of this complaint until the date of

10                    certification.

11         12.     Plaintiff reserves the right to establish additional subclasses as

12    appropriate.

13         13.     There is a well-defined community of interest in the litigation and

14    the class is readily ascertainable:

15               a.     <u>Numerosity</u>:  The members of the class (and each subclass, if

16                    any) are so numerous that joinder of all members would be

17                    unfeasible and impractical.  The membership of the entire

18                    class is unknown to Plaintiff at this time, however, the class is

19                    estimated to be greater than one-hundred (100) individuals

20                    and the identity of such membership is readily ascertainable

21                    by inspection of Defendants' employment records.

22               b.     <u>Typicality</u>:  Plaintiff is qualified to, and will, fairly and

23                    adequately protect the interests of each class member with

24                    whom she has a well- defined community of interest, and

25                    Plaintiff's claims (or defenses, if any) are typical of all class

26                    members' as demonstrated herein.

27               c.     <u>Adequacy</u>:  Plaintiff is qualified to, and will, fairly and

28

1    adequately, protect the interests of each class member with

2    whom she has a well-defined community of interest and

3    typicality of claims, as demonstrated herein.  Plaintiff

4    acknowledges that she has an obligation to make known to the

5    Court any relationship, conflicts or differences with any class

6    member.  Plaintiff's attorneys, the proposed class counsel, are

7    versed in the rules governing class action discovery,

8    certification, and settlement.  Plaintiff has incurred, and

9    throughout the duration of this action, will continue to incur

10   costs and attorneys' fees that have been, are, and will be

11   necessarily expended for the prosecution of this action for the

12   substantial benefit of each class member.

13   d.   Superiority:  The nature of this action makes the use of class

14        action adjudication superior to other methods.  Class action

15        will achieve economies of time, effort and expense as

16        compared with separate lawsuits, and will avoid inconsistent

17        outcomes because the same issues can be adjudicated in the

18        same manner and at the same time for the entire class.

19   e.   Public Policy Considerations:  Employers in the State of

20        California violate employment and labor laws every day.

21        Current employees are often afraid to assert their rights out of

22        fear of direct or indirect retaliation.  Former employees are

23        fearful of bringing actions because they believe their former

24        employers might damage their future endeavors through

25        negative references and/or other means.  Class actions provide

26        the class members who are not named in the complaint with a

27        type of anonymity that allows for the vindication of their

28

CLASS ACTION COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   rights at the same time as their privacy is protected.

2   14.   There are common questions of law and fact as to the class (and

3   each subclass, if any) that predominate over questions affecting only individual

4   members, including but not limited to:

5   a.   Whether Defendants' failure to pay wages, without abatement

6   or reduction, in accordance with the California Labor Code,

7   was willful;

8   b.   Whether Defendants deprived Plaintiff and class members of

9   meal periods or required Plaintiff and class members to work

10   during meal periods without compensation;

11   c.   Whether Defendants deprived Plaintiff and class members of

12   rest periods or required Plaintiff and class members to work

13   during rest periods without compensation;

14   d.   Whether Defendants failed to pay all wages earned by

15   Plaintiff and class members;

16   e.   Whether Defendants failed to indemnify and/or reimburse

17   Plaintiff and class members for necessary and required

18   business-related expenditures and/or losses incurred by them

19   in the scope of their employment;

20   f.   Whether Defendants failed to timely pay all wages due to

21   Plaintiff and class members upon their discharge or

22   resignation;

23   g.   Whether Defendants complied with wage reporting as

24   required by the California Labor Code, including but not

25   limited to section 226;

26   h.   Whether Defendants' conduct was willful or reckless;

27   i.   Whether Defendants engaged in unfair business practices in

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

CLASS ACTION COMPLAINT

1                          violation of California Business & Professions Code sections

2                          17200, *et seq.*; and

3           j.       The appropriate amount of damages, restitution, or monetary

4                  penalties resulting from Defendants' violations of California

5                  law.

6                         **GENERAL ALLEGATIONS**

7       15.    At all times set forth, Defendants employed Plaintiff and other

8 persons as non-exempt or hourly paid employees.

9       16.    Defendants employed Plaintiff TARA HILL as a non-exempt or

10 hourly "Store Manager" from about June 2007 to about March 2009 at

11 Defendants' Northridge business location in Los Angeles County, California.

12       17.    Defendants continue to employ non-exempt or hourly employees

13 within California.

14       18.    Plaintiff is informed and believes, and thereon alleges, that at all

15 times herein mentioned, Defendants were advised by skilled lawyers and other

16 professionals, employees and advisors knowledgeable about California labor and

17 wage law, employment and personnel practices, and about the requirements of

18 California law.

19       19.    Plaintiff is informed and believes, and thereon alleges that

20 Defendants knew or should have known that Plaintiff and class members were

21 entitled to receive all meal periods or payment of one additional hour of pay at

22 Plaintiff's and class members' regular rate of pay when they did not receive a

23 timely uninterrupted meal period.

24       20.    Plaintiff is informed and believes, and thereon alleges that

25 Defendants knew or should have known that Plaintiff and class members were

26 entitled to receive all rest periods or payment of one additional hour of pay at

27 Plaintiff's and class members' regular rate of pay when a rest period was missed.

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

21.     Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff and class members were entitled to receive full reimbursement for all business-related expenses and costs they incurred during the course and scope of their employment, and that they did not receive full reimbursement of applicable business-related expenses and costs they incurred.

22.     Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff and class members were entitled to receive all the wages owed to them upon discharge.

23.     Plaintiff is informed and believes, and on that basis alleges that Defendants knew or should have known that Plaintiff and class members were entitled to receive complete and accurate wage statements in accordance with California law.

24.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiff and class members, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly and intentionally failed to do so, and falsely represented to Plaintiff and other class members that they were properly denied wages, all in order to increase Defendants' profits.

25.     California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

## FIRST CAUSE OF ACTION

### Violation of California Labor Code §§ 226.7 and 512(a)

### (Against All Defendants)

26.     Plaintiff incorporates by reference and re-alleges as if fully stated

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   herein the material allegations set out in paragraphs 1 through 25.

2       27.   At all relevant times, the applicable IWC Wage Order and

3   California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's

4   and class members' employment by Defendants.

5       28.   At all relevant times, California Labor Code section 226.7 provides

6   that no employer shall require an employee to work during any meal period

7   mandated by an applicable order of the California IWC.

8       29.   At all relevant times, the applicable IWC Wage Order and

9   California Labor Code section 512(a) provide that an employer may not require,

10   cause or permit an employee to work for a period of more than five (5) hours per

11   day without providing the employee with an uninterrupted meal period of not

12   less than thirty (30) minutes, except that if the total work period per day of the

13   employee is not more than six (6) hours, the meal period may be waived by

14   mutual consent of both the employer and the employee.

15       30.   At all relevant times, the applicable IWC Wage Order and

16   California Labor Code section 512(a) further provide that an employer may not

17   require, cause or permit an employee to work for a period of more than ten (10)

18   hours per day without providing the employee with a second uninterrupted meal

19   period of not less than thirty (30) minutes, except that if the total hours worked is

20   not more than twelve (12) hours, the second meal period may be waived by

21   mutual consent of the employer and the employee only if the first meal period

22   was not waived.

23       31.   During the relevant time period, Plaintiff and class members who

24   were scheduled to work for a period of time no longer than six (6) hours, and

25   who did not waive their legally-mandated meal periods by mutual consent, were

26   required to work for periods longer than five (5) hours without an uninterrupted

27   meal period of not less than thirty (30) minutes.

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    32.    During the relevant time period, Plaintiff and class members who
2    were scheduled to work for a period of time in excess of six (6) hours were
3    required to work for periods longer than five (5) hours without an uninterrupted
4    meal period of not less than thirty (30) minutes.

5    33.    During the relevant time period, Plaintiff and class members who
6    were scheduled to work in excess of ten (10) hours but no longer than twelve
7    (12) hours, and who did not waive their legally-mandated meal periods by
8    mutual consent were required to work in excess of ten (10) hours without
9    receiving a second uninterrupted meal period of not less than thirty (30) minutes.

10   34.    During the relevant time period, Plaintiff and class members who
11   were scheduled to work for a period of time in excess of twelve (12) hours were
12   required to work for periods longer than ten (10) hours without a second
13   uninterrupted meal period of not less than thirty (30) minutes.

14   35.    During the relevant time period, Defendants willfully required
15   Plaintiff and class members to work during meal periods and failed to
16   compensate Plaintiff and class members for work performed during meal
17   periods.

18   36.    During the relevant time period, Defendants failed to pay Plaintiff
19   and class members the full meal period premium due pursuant to California
20   Labor Code section 226.7.

21   37.    Defendants' conduct violates the applicable IWC Wage Orders and
22   California Labor Code sections 226.7 and 512(a).

23   38.    Pursuant to the applicable IWC Wage Order and California Labor
24   Code section 226.7(b), Plaintiff and class members are entitled to recover from
25   Defendants one additional hour of pay at the employees' regular hourly rate of
26   compensation for each work day that the meal period was not provided.

27

28

CLASS ACTION COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    **SECOND CAUSE OF ACTION**

2    **Violation of California Labor Code § 226.7**

3    **(Against All Defendants)**

4    39.    Plaintiff incorporates by reference and re-alleges as if fully stated

5    herein the material allegations set out in paragraphs 1 through 38.

6    40.    At all relevant times, the applicable IWC Wage Order and

7    California Labor Code section 226.7 were applicable to Plaintiff's and class

8    members' employment by Defendants.

9    41.    At all relevant times, California Labor Code section 226.7 provides

10    that no employer shall require an employee to work during any rest period

11    mandated by an applicable order of the California IWC.

12    42.    At all relevant times, the applicable IWC Wage Order provides that

13    "[e]very employer shall authorize and permit all employees to take rest periods,

14    which insofar as practicable shall be in the middle of each work period" and that

15    the "rest period time shall be based on the total hours worked daily at the rate of

16    ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless

17    the total daily work time is less than three and one-half (3½) hours.

18    43.    During the relevant time period, Defendants required Plaintiff and

19    class members to work four (4) or more hours without authorizing or permitting

20    a ten (10) minute rest period per each four (4) hour period worked.

21    44.    During the relevant time period, Defendants willfully required

22    Plaintiff and class members to work during rest periods and failed to compensate

23    Plaintiff and class members for work performed during rest periods.

24    45.    During the relevant time period, Defendants failed to pay Plaintiff

25    and class members the full rest period premium due pursuant to California Labor

26    Code section 226.7.

27    46.    Defendants' conduct violates the applicable IWC Wage Orders and

28

1  California Labor Code section 226.7.

2      47.    Pursuant to the applicable IWC Wage Order and California Labor

3  Code section 226.7(b), Plaintiff and class members are entitled to recover from

4  Defendants one additional hour of pay at the employee's regular hourly rate of

5  compensation for each work day that the rest period was not provided.

**THIRD CAUSE OF ACTION**

**Violation of California Labor Code §§ 2800 and 2802**

**(Against All Defendants)**

9      48.    Plaintiff incorporates by reference and re-alleges as if fully stated

10  herein the material allegations set out in paragraphs 1 through 47.

11     49.    At all relevant times, California Labor Code sections 2800 and 2802

12  provide that an employer must reimburse employees for all necessary

13  expenditures.

14     50.    Plaintiff and class members incurred necessary business-related

15  expenses and costs that were not fully reimbursed by Defendants, including and

16  without limitation, travel costs, including mileage expenses and gasoline

17  expenses that resulted from their employment with Defendants.  Specifically,

18  Defendants had, and continue to have, a policy and practice of requiring

19  employees, including Plaintiff and class members, to pay for travel costs from

20  their own funds.  Defendants had, and continue to have, a policy of not

21  reimbursing employees, including Plaintiff and class members, for said business-

22  related expenses and costs.

23     51.    Defendants have intentionally and willfully failed to fully reimburse

24  Plaintiff and class members for necessary business-related expenses and costs.

25     52.    Plaintiff and class members are entitled to recover from Defendants

26  their business-related expenses incurred during the course and scope of their

27  employment, plus interest, pursuant to California Labor Code sections 2800 and

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

2802.

# FOURTH CAUSE OF ACTION

## Violation of California Labor Code §§ 201 and 202

## (Against All Defendants)

53. Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 52.

54. At all relevant times, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

55. During the relevant time period, Defendants willfully failed to pay Plaintiff and  class members who are no longer employed by Defendants their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

56. Defendants' failure to pay Plaintiff and those class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

57. California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    58.    Plaintiff and class members are entitled to recover from Defendants

2    the statutory penalty wages for each day they were not paid, up to a thirty (30)

3    day maximum pursuant to California Labor Code section 203.

### FIFTH CAUSE OF ACTION

### Violation of California Labor Code § 204

### (Against All Defendants)

7    59.    Plaintiff incorporates by reference and re-allege as if fully stated

8    herein the material allegations set out in paragraphs 1 through 58.

9    60.    At all relevant times, California Labor Code section 204 provides

10   that all wages earned by any person in any employment between the first and the

11   fifteenth days, inclusive, of any calendar month, other than those wages due

12   upon termination of an employee, are due and payable between the sixteenth and

13   the twenty-sixth day of the month during which the labor was performed.

14   61.    At all relevant times, California Labor Code section 204 provides

15   that all wages earned by any person in any employment between the sixteenth

16   and the last day, inclusive, of any calendar month, other than those wages due

17   upon termination of an employee, are due and payable between the 1st and the

18   10th day of the following month.

19   62.    At all relevant times, California Labor Code section 204 provides

20   that all wages earned for labor in excess of the normal work period shall be paid

21   no later than the payday for the next regular payroll period.

22   63.    During the relevant time period, Defendants willfully failed to pay

23   Plaintiff and class members all wages due to them, within any time period

24   permissible by California Labor Code section 204.

25   64.    Plaintiff and class members are entitled to recover all remedies

26   available for violations of California Labor Code section 204.

27

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

**SIXTH CAUSE OF ACTION**

**Violation of California Labor Code § 226(a)**

**(Against All Defendants)**

65.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 64.

66.    At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including all applicable hourly rates.

67.    Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements.  The deficiencies include, among other things, the failure to list all applicable hourly rates.

68.    As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and class members have suffered injury and damage to their statutorily-protected rights.

69.    Specifically, Plaintiff and class members have been injured by Defendants' intentional violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code section 226(a).

.70.    Plaintiff and class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

71.    Plaintiff and class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g).

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

### SEVENTH CAUSE OF ACTION

**Violation of California Business & Professions Code §§ 17200, *et seq*.**

**(Against All Defendants)**

72.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 71.

73.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, other class members, and to the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

74.    Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, *et seq*.

75.    A violation of California Business & Professions Code sections 17200, *et seq*. may be predicated on the violation of any state or federal law.  In this instant case, Defendants' policies and practices of requiring non-exempt or hourly paid employees, including Plaintiff and class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a).  Defendants' policies and practices of failing to timely pay wages to Plaintiff and class members violate California Labor Code sections 201, 202 and 204.  Moreover, Defendants' policies and practices of not reimbursing its employees, including Plaintiff and class members, for business-related expenses and costs violate California Labor Code sections 2800 and 2802.

76.    Plaintiff and putative class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money or property.

77.    Pursuant to California Business & Professions Code sections 17200,

1   *et seq.*, Plaintiff and putative class members are entitled to restitution of the

2   wages withheld and retained by Defendants during a period that commences four

3   years prior to the filing of this complaint; a permanent injunction requiring

4   Defendants to pay all outstanding wages due to Plaintiff and class members; an

5   award of attorneys' fees pursuant to California Code of Civil Procedure section

6   1021.5 and other applicable laws; and an award of costs.

7   **REQUEST FOR JURY TRIAL**

8   Plaintiff requests a trial by jury.

9   **PRAYER FOR RELIEF**

10   Plaintiff, and on behalf of all others similarly situated, prays for relief and

11   judgment against Defendants, jointly and severally, as follows:

12   **Class Certification**

13   1.   That this action be certified as a class action;

14   2.   That Plaintiff be appointed as the representative of the Class; and

15   3.   That counsel for Plaintiff be appointed as Class Counsel.

16   **As to the First Cause of Action**

17   4.   That the Court declare, adjudge and decree that Defendants violated

18   California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders

19   by willfully failing to provide all meal periods (including second meal periods)

20   to Plaintiff and class members;

21   5.   That the Court make an award to the Plaintiff and class members of

22   one (1) hour of pay at each employee's regular rate of compensation for each

23   workday that a meal period was not provided;

24   6.   For all actual, consequential, and incidental losses and damages,

25   according to proof;

26   7.   For premiums pursuant to California Labor Code section 226.7(b);

27   8.   For pre-judgment interest on any unpaid wages from the date such

28

CLASS ACTION COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  amounts were due; and

2      9.    For such other and further relief as the Court may deem equitable

3  and appropriate.

### As to the Second Cause of Action

5      10.    That the Court declare, adjudge and decree that Defendants violated

6  California Labor Code section 226.7 and applicable IWC Wage Orders by

7  willfully failing to provide all rest periods to Plaintiff and class members;

8      11.    That the Court make an award to the Plaintiff and class members of

9  one (l) hour of pay at each employee's regular rate of compensation for each

10  workday that a rest period was not provided;

11      12.    For all actual, consequential, and incidental losses and damages,

12  according to proof;

13      13.    For premiums pursuant to California Labor Code section 226.7(b);

14      14.    For pre-judgment interest on any unpaid wages from the date such

15  amounts were due; and

16      15.    For such other and further relief as the Court may deem equitable

17  and appropriate.

### As to the Third Cause of Action

19      16.    That the Court declare, adjudge and decree that Defendants violated

20  California Labor Code sections 2800 and 2802 by willfully failing to pay all

21  business-related expenses owed to Plaintiff and class members;

22      17.    For unpaid wages and such general and special damages as may be

23  appropriate;

24      18.    For pre-judgment interest on any unpaid wages from the date such

25  amounts were due;

26      19.    For all actual, consequential and incidental losses and damages,

27  according to proof; and

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    20.    For such other and further relief as the Court may deem equitable
2    and appropriate.

3                    **As to the Fourth Cause of Action**

4    21.    That the Court declare, adjudge and decree that Defendants violated
5    California Labor Code sections 201, 202, and 203 by willfully failing to pay all
6    compensation owed at the time of termination of the employment of Plaintiff and
7    other class members no longer employed by Defendants;

8    22.    For all actual, consequential and incidental losses and damages,
9    according to proof;

10   23.    For statutory wage penalties pursuant to California Labor Code
11   section 203 for Plaintiff and all other class members who have left Defendants'
12   employ;

13   24.    For pre-judgment interest on any unpaid wages from the date such
14   amounts were due; and

15   25.    For such other and further relief as the Court may deem equitable
16   and appropriate.

17                   **As to the Fifth Cause of Action**

18   26.    That the Court declare, adjudge and decree that Defendants violated
19   California Labor Code section 204 by willfully failing to pay all compensation
20   owed at the time required by California Labor Code section 204, to Plaintiff and
21   class members;

22   27.    For all actual, consequential and incidental losses and damages,
23   according to proof;

24   28.    For pre-judgment interest on any untimely paid compensation, from
25   the date such amounts were due; and

26   29.    For such other and further relief as the Court may deem equitable
27   and appropriate.

28

CLASS ACTION COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

**As to the Sixth Cause of Action**

30.    That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and class members, and willfully failed to provide accurate itemized wage statements thereto;

31.    For all actual, consequential and incidental losses and damages, according to proof;

32.    For statutory penalties pursuant to California Labor Code section 226(e);

33.    For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g); and

34.    For such other and further relief as the Court may deem equitable and appropriate.

**As to the Seventh Cause of Action**

35.    That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, *et seq.* by failing to provide all meal and rest periods to Plaintiff and class members, failing to pay for all missed meal and rest periods to Plaintiff and class members, failing to reimburse Plaintiff and class members for all business-related expenses, and failing to pay Plaintiff's and class members' wages timely as required by California Labor Code sections 201, 202 and 204;

36.    For restitution of unpaid wages to Plaintiff and all class members and prejudgment interest from the day such amounts were due and payable;

37.    For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200 *et seq.*;

38.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

39.     For injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code sections 17200, *et seq.*; and

40.     For such other and further relief as the Court may deem equitable and appropriate.


Dated:  October 1, 2009                    Respectfully submitted,

Initiative Legal Group, APC


By: _____
        Gene Williams
        Dina S. Livhits
        Jennifer Grock

Attorneys for Plaintiff Tara Hill

CLASS ACTION COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Paul L. Abrams.

The case number on all documents filed with the Court should read as follows:

## CV09- 7164 RGK (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Gene Williams (SBN 211390)
Dina S. Livhits (SBN 245646)
Initiative Legal Group APC
1800 Century Park East, 2nd Flr., LA, CA 90067
(See attached ATTACHMENT TO SUMMONS)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| TARA HILL, individually, and on behalf of other members of the general public similarly situated, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV09-7164 RGK PLAx |
| v. | |
| SUNGLASS HUT TRADING, LLC, a Delaware Corporation; LUXOTTICA RETAIL NORTH AMERICA INC., an Ohio Corporation | SUMMONS |
| DEFENDANT(S). | |

TO:   DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within **20** days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Initiative Legal Group APC_____, whose address is 1800 Century Park East, 2nd Floor, Los Angeles, California 90067_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____ **● 1 OCT 2009** _____

By: _____ **SHEA BOURGEOIS** _____

Deputy Clerk

(Seal of the Court) SEAL

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

1

## ATTACHMENT TO CIVIL CASE COVER SHEET

2

3

## ATTORNEYS FOR PLAINTIFFS AND CLASS MEMBERS:

4

5   Gene Williams (SBN 211390)
GWilliams@InitiativeLegal.com
6   Dina S. Livhits (SBN 245646)
DLivhits@InitiativeLegal.com
7   Jennifer Grock (SBN 245671)
JGrock@InitiativeLegal.com
8   Initiative Legal Group, APC
1800 Century Park East, 2nd Floor
9   Los Angeles, California 90067
Telephone:  (310) 556-5637
10  Facsimile:  (310) 861-9051

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>TARA HILL, individually, and on behalf of other members of the general public similarly situated, | DEFENDANTS<br>SUNGLASS HUT TRADING, LLC, a Delaware Corporation; LUXOTTICA RETAIL NORTH AMERICA INC., an Ohio Corporation |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Initiative Legal Group APC          Telephone: 310-556-5637<br>1800 Century Park East, 2nd Floor, Los Angeles, CA 90067<br>(See attached ATTACHMENT TO SUMMONS) | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes  ☐ No          ☒ **MONEY DEMANDED IN COMPLAINT:** $ 5,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
CLASS ACTION FAIRNESS ACT ("CAFA") 28 U.S.C §1332; 28 U.S.C.§1367; 28 U.S.C.§1391(a) and (b)  Brief Description: Diversity

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | Vacate Sentence Habeas Corpus | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other |  |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations |  | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☒ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange |  | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations |  | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | REAL PROPERTY | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 220 Foreclosure | IMMIGRATION | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee |  | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | FEDERAL TAX SUITS<br>☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 290 All Other Real Property |  |  | ☐ 871 IRS-Third Party 26 USC 7609 |

CV09-7164

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | SUNGLASS HUT TRADING, LLC, a Delaware Corporation; LUXOTTICA RETAIL NORTH AMERICA INC., an Ohio Corporation |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date October 1, 2009

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |